UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHRON RICHARD YOUNG,

                                        Petitioner,

v.                                                      9:00-CV-1429
                                                        (GLS/GHL)

LEONARD A. PORTUONDO,

                                        Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

SHRON RICHARD YOUNG, 97-A-6143
Petitioner *Pro Se*
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458

HON. ELIOT SPITZER                              RISA L. VIGLUCCI, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Counsel for Respondent
The Capitol
Albany, New York 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

### I.      BACKGROUND

#### A.      State Court Proceedings

On August 18, 1996, Petitioner Shron Richard Young was indicted by an Ulster County

Grand Jury for the crimes of murder in the second degree (two counts) and kidnapping in the first

degree.  It was alleged that he, in concert with others, kidnapped and murdered a person named

Errol Parchment.  Dkt. No. 7, Ex. 1.  On April 30, 1997, Petitioner entered a plea of guilty to one

count of felony murder in full satisfaction of the Indictment.  Dkt. No. 7, Ex. 2.

On July 3, 1997, after a co-defendant had been acquitted following a jury trial, Petitioner moved to withdraw his guilty plea and for an examination to determine whether, as a result of mental disease or defect, he lacked the capacity to understand the proceedings or to assist in his defense.  Dkt. No. 7, Ex. 5 at 100.  The County Court Judge denied both aspects of the motion by Order dated August 1, 1997.  Dkt. No. 7, Ex. 6 at 136.  Sentencing was held on August 11, 1997, and Petitioner was sentenced to a term of incarceration of twenty years to life.  Dkt. No. 7, Ex. 5 at 145.

Petitioner appealed to the Appellate Division, Third Department.  He argued that his guilty plea had been coerced and therefore County Court erred in denying the motion to withdraw the plea, and that County Court had denied him due process by not ordering a competency examination.  Dkt. No. 7, Ex. 7.  He also argued that his sentence should be reduced.  The Appellate Division unanimously affirmed his conviction.  *People v. Young*, 257 A.D.2d 764 (3d Dep't 1999).  Leave to appeal to the Court of Appeals was denied.  *People v. Young*, 93 N.Y.2d 931 (1999).

Petitioner then moved, on January 17, 2000, pursuant to New York Criminal Procedure Law section 440.10(1)(h), for an order vacating the judgment on the principal ground that "trial counsel's ineffective assistance rendered during plea proceedings that was hampered by 'external constraints' imposed by the Courts [sic] coercion that induced the guilty plea of defendant."  Dkt. No. 7, Ex. 13 at 1. County Court denied the motion on February 21, 2000.  Dkt. No. 7, Ex. 15.  Petitioner subsequently moved for leave to appeal to the Appellate Division from the denial (Dkt. No. 7, Ex. 16), and the People opposed the motion.  Dkt. No. 7, Ex. 17.  The record  does not reflect the disposition of this motion; it presumably was denied.

2

**B.     This Proceeding**

On September 21, 2000, Petitioner, appearing *pro se*, filed the instant *habeas* petition,
based upon alleged violations of his Sixth and Fourteenth Amendment rights.  Dkt. No. 1.  On
that same date he moved for appointment of *pro bono* counsel.  Dkt. No. 2.  The motion was
denied by Order of then Magistrate Judge Gary L. Sharpe dated October 3, 2000.  Dkt. No. 3.
Respondent filed his answer (Dkt. No. 7) along with a memorandum of law (Dkt. No. 8), and, on
July 16, 2001, Petitioner filed a "Reply Memorandum of Law in Support of a Petition for a Writ
of Habeas Corpus."  Dkt. No. 18.

**II.   DISCUSSION**

In his *habeas* petition, Petitioner asserts the following claims (Dkt. No. 1 at 5):

Ground One:

      A.    The failure to provide him with a competency hearing was a denial of due
          process of law.

      B.    His plea of guilty was not knowing, intelligent, and voluntary, and the
          failure to permit him to withdraw it was a denial of due process of law.

Ground Two:

      A.    The sentence imposed was not "compatible with the interest of justice."
          Dkt. No. 18 at 5.

In addition, in a "Reply Memorandum", Petitioner asserted that he had been denied
effective assistance of trial counsel.  Dkt. No. 18 at 3.  He had mentioned such a claim in his
Petition, but without any elaboration.  Dkt. No.1  at 5.

Each of these claims will be discussed separately, although they overlap to varying

extents.[1]

> **A.   Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

court may not grant *habeas* relief to a state prisoner on a claim:

> that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
> > 1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal
> > law, as determined by the Supreme Court of the United
> > States; or
> > 2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented
> > in the State court proceeding.

28 U.S.C. § 2254(d) (2005); *see also Miranda v. Bennett*, 322 F.3d 171,177-78 (2d Cir. 2003);

*Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).  The AEDPA also requires that in any such

proceeding "a determination of a factual issue made by a State court shall be presumed to be

correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by

clear and convincing evidence."  28 U.S.C. § 2254(e)(1) (2005); *see also Boyette*, 246 F.3d at 88

(quoting 28 U.S.C. § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test,

noting that:

> Under AEDPA, we ask three questions to determine whether a federal
> court may grant habeas relief: (1) Was the principle of Supreme Court case
> law relied upon in the habeas petition "clearly established" when the state
> court ruled?  (2) If so, was the state court's decision "contrary to" that
> established Supreme Court precedent?  (3) If not, did the state court's
> decision constitute an "unreasonable application" of that principle?

---

[1]     The Court is satisfied that Petitioner exhausted available state remedies; Respondent
makes no claim to the contrary.

4

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). *See generally Lynn v. Bliden*, 443 F.3d 238 (2d Cir. 2006).

**B.       Substance of Petitioner's Claims–Ground One**

**1.       Denial of Request for a Competency Examination**

As noted above, on April 30, 1997, Petitioner entered a plea of guilty to one count of felony murder in full satisfaction of the Indictment's three counts.  Dkt. No. 7, Ex. 2.  On July 3, 1997, prior to sentencing but after a co-defendant had been acquitted following a jury trial (Dkt. No. 7, Ex. 5 at 103, #6), Petitioner moved County Court for, *inter alia*, an examination to determine whether, as a result of mental disease or defect, he lacked the capacity to understand the proceedings or to assist in his defense.  Dkt. No. 7, Ex. 5 at 100.  The bases for the motion, as set forth in counsel's supporting affirmation, were the following:

1.       Petitioner's Social Security Administration papers (completed in 1988, more than nine years earlier) had been obtained indicating that his "primary diagnosis is Mental Retardation with an I.Q. of 63."

2.       At entry of the plea Petitioner "had to sit down, with water, before he could begin to speak."

3.       A "Defender Based Advocate" interviewed Petitioner in jail and concluded that "he had a 'far away' look," "spoke haltingly," and "was cooperative but could not answer to [certain] simple questions."

4.       Counsel had tried to discuss with Petitioner a "mountain of papers" (some 1,700 pages of *Rosario* materials), but Petitioner was "obviously unable to cope with the materials."

Dkt. No. 7, Ex. 5 at 102, ¶¶ 8, 9, 10, and 14.

The County Court Judge who had presided at the entry of the guilty plea denied the

motion on August 1, 1997.  Dkt. No. 7, Ex. 5 at 136.  The Appellate Division affirmed, stating:

> Defendant appeals, contending that his guilty plea was the product
> of duress or confusion at least partially caused by his low intelligence
> and that County Court abused its discretion in denying his withdrawal
> motion.  We disagree.  Notably, the record provides no support for the
> contentions that defendant was coerced into pleading guilty or that he
> was mentally incompetent to enter a guilty plea.  To the contrary,
> during the extensive plea colloquy, defendant capably responded to the
> questions put to him, giving no indication of mental impairment or
> duress such as would have alerted County Court to the need for a
> competency hearing or any further inquiry (*see People v. Merck,* 624
> N.Y.S.2d 975, *lv. denied,* 655 N.E.2d 725; *People v. Hart,* 613 N.Y.S.2d 672).
> Defendant also stated on the record that he had conferred with his attorney
> regarding the ramifications of his plea, that he was entering his guilty plea freely
> and voluntarily, and that he was aware that the terms of his plea bargain
> were conditioned upon his testifying against his codefendants, if called
> upon to do so.

*People v. Young*, 684 N.Y.S.2d 23 (3d Dep't 1999).

### (a)      Clearly Established Supreme Court Precedent

*Pate v. Robinson*, 383 U.S. 375 (1966), and its progeny, stand for the proposition that:

"[t]he constitutional right to due process is violated when a person who is incompetent is

convicted of a crime, whether the conviction follows a trial or a plea of guilty."  *Harris v.*

*Kuhlmann*, 346 F.3d 330, 349 (2d Cir. 2003).  Similarly, "[i]t has long been accepted that a

person whose mental condition is such that he lacks the capacity to understand the nature and

object of the proceedings against him, to consult with counsel, and to assist in preparing his

defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975)[2].  *Pate*

---

[2]      The standard for determining whether a defendant is competent to plead guilty is
the same as that for determining whether a defendant is competent to stand trial. *Godinez v.*

held that "[w]here the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial," a hearing is required. *Pate*, 383 U.S. at 385. However, "[t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope*, 420 U.S. at 180.

In *Harris*, where the petitioner was seeking *habeas* relief, the Second Circuit, quoting from *Nicks v. United States*, 955 F.2d 161, 168 (2d Cir.1992), stated that "a hearing must be held when there is reasonable ground for a [trial] court to conclude that the defendant may not be competent to stand trial." *Harris*, 346 F.3d at 350. More recently, the Court confirmed the "reasonable cause" standard in *United States v. Zhou*, 428 F.3d 361, 37 9 (2d Cir. 2005) ("[a] hearing to determine the mental competency of a criminal defendant 'is required only if the court has "reasonable cause" to believe that the defendant has a mental defect rendering him incompetent'"). In *Zhou* the Court also instructed that "[i]n deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also its own observations of the defendant." *Zhou*, 428 F.3d at 379 (quoting *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995)).

### (b)    AEDPA Deference

In a *habeas* petition, this Court "must presume the state court's findings of fact are correct, unless the petitioner meets the 'burden of rebutting th[is] presumption of correctness by clear and convincing evidence." *Harris*, 346 F.3d at 350. In addition, this Court must give deference to the state courts' legal determinations, because with respect to the competency issue

---

*Moran*, 509 U.S. 389, 397-400 (1993).

7

the state courts adjudicated Petitioner's claim on the merits.[3]  As the Second Circuit stated:

> In the present case, because the state court adjudicated Harris's competence claim on the merits, our review of legal determinations by the state courts is limited, and "we may not grant the writ . . . unless[ the state court] adjudication [of Harris's claim] 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  *Cox v. Miller*, 296 F.3d 89, 101 (2d Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1) and citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

*Harris*, 346 F.3d at 352.

### (c)    Contrary To, or Unreasonable Application Of, Relevant Supreme Court Precedent

Turning to the instant case, I find that the state courts' determinations with respect to Petitioner's request for a competency examination were not contrary to, and did not involve an unreasonable application of, the law discussed above.  With respect to Petitioner's trial counsel's arguments, the fact that at entry of the guilty plea Petitioner, "had to sit down, with water, before he could begin to speak" (Dkt. No. 7, Ex. 4 at 103, ¶3) is consistent with the conduct of many parties who appear in court in stressful situations.  Similarly, the claim that Petitioner was "obviously unable to cope with the materials" when his counsel tried to discuss with him some 1,700 pages of Rosario material is not at all unusual for a layperson.  In addition, it is noteworthy that at the time of entry of Petitioner's guilty plea, trial counsel made no reference to Petitioner being "unable to cope with the materials"; indeed, the implication was the opposite: "The People were fair enough that they provided me yesterday with some 17 hundred pages of Rosario

---

[3]    "Adjudication on the merits" requires only that a claim be disposed of on the merits, as opposed to on a procedural or other ground, and the state court need not refer to the federal claim or federal law as a prerequisite to the deferential standard under 28 U.S.C. §2254(d)(1). *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001).

material which I went over at some length with Mr. Young last night." (Dkt. No. 7, Ex. 2 at 3)

The Social Security Administration papers indicating a diagnosis of "mental retardation" and a low I.Q. of course give one pause.  However, I.Q. alone is not a determinative factor[4], and instead the totality of the circumstances must be examined. *See Hibbert v. Poole*, 415 F.Supp.2d 225, 239-40 (W.D.N.Y. 2006). In this regard, the "Defender-Based Advocate", who interviewed Petitioner on one occasion, in jail, and then concluded that Petitioner "had a 'far away' look," that he"spoke haltingly," and that he "was cooperative but could not answer to [certain] simple questions," are conclusions that are hardly compelling and indeed are probably consistent with the demeanor and reactions of many people seen after having been recently convicted of a crime and facing lengthy incarceration.  It is also significant that the record does not reflect that the County Court Judge was provided with any information as to who this "Defender-Based Advocate" was or what his qualifications were.

Finally, and most importantly, I have read the guilty plea allocution (Dkt. No. 7, Ex. 2), and I agree with the Appellate Division's assessment of it: "[During] the extensive plea colloquy, defendant capably responded to the questions put to him, giving no indication of mental impairment or duress such as would have alerted County Court to the need for a competency hearing or any further inquiry." *Young*, 684 N.Y.S.2d at 23.

In light of the above, this Court concludes that Petitioner has not established that the state courts' rulings with respect to his request for a competency examination were either contrary to, or an unreasonable application of, the above-referenced Supreme Court precedent.  Therefore,

---

[4]     Petitioner is a black man (Dkt. No. 7, Ex. 4), and therefore his I.Q. alone, based upon testing when he was 11, and then 14,  years old, many years prior to his conviction, carries limited weight. *See Fairchild v. Lockhart*, 744 F.Supp. 1429, 1454 (E.D.Ark. 1989).

this Court recommends that part "A" of the first ground in the Petition be denied.

### 2.    The Guilty Plea

In his motion of July 3, 1999, before the County Court (which Petitioner made after a co-defendant had been acquitted following a jury trial), he requested a competency examination, as discussed above, and also moved to withdraw his plea of guilty, on the ground that it was not knowing, intelligent, and voluntary. Dkt. No. 7, Ex. 5 at 100.   These are distinct issues. "A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty...In addition to determining that a defendant who seeks to plead guilty...is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Godinez,* 509 U.S. at 400.  The County Court Judge who had presided at the entry of the guilty plea denied the motion on August 1, 1997. Dkt. No. 7, Ex. 5 at 136.  The Appellate Division affirmed, as noted above, stating "Defendant also stated on the record that he had conferred with his attorney regarding the ramifications of his plea, that he was entering his guilty plea freely and voluntarily, and that he was aware that the terms of his plea bargain were conditioned upon his testifying against his codefendants, if called upon to do so." *Young,* 684 N.Y.S.2d at 23.

### (a)    Clearly Established Supreme Court Precedent

According to the Supreme Court, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31(1970)); *see also Boykin v. Alabama*, 395 U.S. 238, 242-3 (1969)(United States Constitution requires that guilty plea be knowingly and voluntarily made; *Parke v. Raley*, 506 U.S. 20, 29 (1992)(plea is valid when it is both knowingly

and voluntarily made).

### (b)      AEDPA Deference

Because the Appellate Division adjudicated on the merits Petitioner's claim that he should have been permitted to withdraw his plea of guilty, that state court ruling is entitled to AEDPA deference. *Hines v. Miller*, 318 F.3d 157, 161(2d Cir. 2003).

### (c)      Contrary to, or Unreasonable Application of, Relevant Supreme Court Precedent

Before accepting Petitioner's plea, the County Court Judge engaged in a lengthy colloquy with Petitioner which ensured that the Petitioner had discussed the plea proposal with his attorney, was aware that he had the right to a jury trial on the charges, knew of his right to remain silent and to not incriminate himself, was aware that by pleading guilty he was forfeiting various other rights he would have if he proceeded to trial, including the right to cross-examine all prosecution witnesses and his right to testify in his own defense.  The County Court Judge also elicited  the Petitioner's acknowledgment that he had engaged in the conduct that formed the basis of the felony murder charge and that he had not been forced to plead guilty. Dkt. No.7, Ex.2.

     Prior to the entry of the plea, Petitioner's counsel had engaged in lengthy plea  negotiations on behalf of his client.  The trial judge indicated to Petitioner and counsel that he would consider the maximum sentence permissible, i.e., 25 years to life, if the matter went to trial and Petitioner were found guilty.  However, following the extensive negotiations by Petitioner's counsel, the prosecutor agreed to recommend a sentence of 15 years to life if Petitioner pled guilty to the felony murder charge and testified at the trial of his co-defendants.  It was explained to Petitioner that if he failed to so testify, the sentence imposed would be twenty years to life. *Id.* at 2-5.  In admitting his guilt, Petitioner gave a lengthy, detailed, and chilling description of the crime, clearly establishing his guilt

11

of felony murder. *Id.* at 19-43.

As the Southern District opined in *Urena v. People*, 160 F.Supp.2d 606, 610 (S.D.N.Y. 2001)(quoting *Ventura v. Meachum*, 957 F.2d 1048,1058 (2d Cir. 1992)), "[t]he standard for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice [from] among the alternative courses of action open to the defendant." It is well-settled that "[a] plea is 'intelligent' and 'voluntary' when a defendant had the advice of counsel, understood the consequences of his plea and the plea was not physically or mentally coerced." *Heron v. People*, 98 Civ. 7941, 1999 WL 1125059 at *5 (S.D.N.Y. 1999); *see also Foreman v. Garvin*, 99 Civ. 9078, 2000 WL 631397 at *10 (S.D.N.Y. 2000).

In light of the above, this Court concludes that Petitioner has not established that the state courts' rulings with respect to the validity of his guilty plea were either contrary to, or an unreasonable application of, the above-referenced Supreme Court precedent. *See Hines*, 318 F.3d at 162. Therefore, this Court recommends that part "B" of the first ground in the Petition be denied.

## C.   Substance of Petitioner's Claims–Ground Two

### 1.   The Sentence Imposed

As promised at the time of entry of his plea of guilty, Petitioner was sentenced to 20 years to life (because he had refused to testify against co-defendant Francis). Dkt. No. 7, Ex.5 at 107-09 and 145. He now argues that this sentence was not "compatible with the interest of justice." Dkt. No. 18 at 5. He bases this argument primarily upon claims that he did not have a "meaningful role" in the crime and that he was "the follower, the mule, the foot soldier, and one who can be easily lead by others." Dkt. No.1 at 5.

In *Lutes v. Ricks*, 2005 WL 2180467 (N.D.N.Y. 2005), Senior Judge McAvoy stated, "These claims, however, fail to acknowledge the established authority which holds that 'no federal

constitutional issue is presented where...the sentence is within the range prescribed by state law.'"

*Lutes*, WL 2180467 (2005) at *13; (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.

1992)(citing *Underwood v. Kelly*, 692 F.Supp. 146 (E.D.N.Y. 1988)(citations omitted*); Jackson v.*

*Lacy*, 74 F.Supp.2d 173, 181 (N.D.N.Y. 1999)(McAvoy, C.J.)("[i]t is well-settled ...that a prisoner

may not challenge the length of a sentence that does not exceed the maximum set by state law.")

In New York, murder in the second degree is a class A-1 felony.  N.Y. PENAL LAW §125.25

(McKinney 2000)  The maximum term of imprisonment that may be imposed is life; the minimum is

15 to 25 years. N.Y. PENAL LAW § 70.00 (McKinney 2000)   As a result, the sentence imposed on

Petitioner was within the range permitted by state law.

In *Lutes,* Judge McAvoy addressed the Eighth Amendment considerations that could be

raised in the imposition of lengthy or "grossly disproportionate" sentences:

> Arguably, this ground could be construed as a claim that the sentence
> imposed constitutes a violation of the Eighth Amendment to the United
> States Constitution, which prohibits the imposition of a sentence that is
> "grossly disproportionate to the severity of the crime."  *Rummel v. Estelle*,
> 445 U.S. 263, 271 (1980).  However, "[o]utside the context of capital
> punishment, successful challenges to the proportionality of particular
> sentences have been exceedingly rare." A sentence of imprisonment
> which is within the limits of a valid state statute is simply not cruel
> and unusual punishment in the constitutional sense.

*Lutes*, WL 2180467 (2005) at *13(citations omitted).

In light of the foregoing, this Court finds no basis for awarding Petitioner *habeas* relief

based on the sentence that he received, and therefore it is recommended that the second ground in the

Petition be denied.

## 2.      Ineffective Assistance of Trial Counsel

On January 19, 2000, Petitioner moved for an order, pursuant to New York Criminal

Procedure Law § 440.10(1)(h)[5], vacating the judgment of conviction on the principal ground that

"trial counsel's ineffective assistance rendered during plea proceedings that was hampered by

'external constraints' imposed by the courts [sic] coercion that induced the guilty plea of defendant."

Dkt. No. 7, Ex. 13 at 1 ("Rule 440 Motion").  County Court denied the motion on February 21, 2000,

stating: "The defendant's claim of ineffective assistance of counsel is essentially an unpersuasive

attempt to now second guess legitimate defense tactics and strategy."(citing  *People v. Satterfield*,

488 N.E.2d 834 (1985)) Dkt. No.7, Ex.15.  Petitioner subsequently moved for leave to appeal to the

Appellate Division (Dkt. No. 7, Ex. 16), and the People opposed the motion. Dkt. No. 7, Ex. 17.  The

record does not reflect the disposition of that motion; it presumably was denied, and therefore

Petitioner exhausted his available state remedies on this issue.[6]

In paragraph "12"of his habeas petition, as part of the "supporting facts" for "Ground One",

Petitioner referred to a "lack of effective representation by trial counsel." Dkt. No.1 at 5.  However,

he did not elaborate upon this claim in any way in paragraph "12".  He did elaborate upon it in

paragraph "11", in describing his Rule 440 Motion.

The Respondent did not address the claim of ineffective assistance of counsel in his answer or

memorandum of law.  Given the brevity of the claim in paragraph "12", the Respondent probably did

_____

[5]       Section 440.10(1)(h) provides: "The judgment was obtained in violation of a right of the defendant under the constitution of this state or the United States." N.Y. CRIM. PROC. LAW §440.10(1)(h)(McKinney 2005).

[6]       Pursuant to New York Criminal Procedure Law § 450.90(1), petitioner could not appeal that order to the New York Court of Appeals. *McNear v. Herbert*, 2005 WL 3018724 at *9 (W.D.N.Y. Oct. 26, 2005).

not appreciate that such a claim was being asserted as a "Ground" for *habeas* relief.  Petitioner, however, addressed the claim more fully in his reply memorandum of law. Dkt. No.18 at 3-4.

Under the circumstances, and because Petitioner is proceeding *pro se*, the Court will liberally construe his Petition and address on the merits his claim of ineffective assistance of trial counsel. *See Chambers v U.S.*,106 F.3d 472, 475 (2d Cir.1997); *Phillips v. Girdich*, 408 F.3d 124,130 (2d Cir. 2005).

### (a)      Clearly Established Supreme Court Precedent

In *Lynn,* 443 F.3d at 247,  the Second Circuit recently and succinctly addressed the applicable law for an ineffective assistance claim:

> An ineffective assistance claim asserted in a habeas petition is analyzed under the "unreasonable application" clause of AEDPA because it is "past question that the rule set forth in *Strickland* qualifies as clearly established federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 391 (internal quotation marks omitted);  *Sellan*, 261 F.3d 110, 124 (2d Cir. 2003)(*further citations omitted.)*

*Strickland* established a two prong test to determine whether counsel has been ineffective. *Strickland v. Washington*, 446 U.S. 668, 688 (1994).  As set forth in the test, a defendant must prove that, 1) counsel's representation fell below an objective standard of reasonableness under prevailing norms, and; 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *see Wiggins v. Smith*, 539 U.S. 510 (2003); *Aparico v. Artuz*, 269 F.3d 78, 95(2d Cir. 2001); *see also Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000).

A criminal defendant has a high burden to establish the deficiency of his counsel.  According to the Second Circuit:

> "The court must . . . determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 U.S. S.Ct. 2052.  In gauging the deficiency, the court must be "highly deferential,  must "consider [] all the circumstances," must make "every effort...to eliminate the distorting effects of hindsight," and must operate with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ."

*Lindstadt v. Keane*, 239 F.3d 191, 198-99 (2d Cir.) (quoting *Strickland*, 466 U.S. at 688-89, 690) (alterations original to *Lindstadt*).  As a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if "there [was] no...tactical justification for the course taken." *U.S. v. Luciano*, 158 F.3d 655,660 (2d. Cir. 1998)(*per curium)*; *see Strickland*, 466 U.S. at 689 (holding that petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.")

As for prejudice resulting from counsel's inadequate performance:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment.  To merit habeas relief, the defendant must show that the deficient performance prejudiced the defense.  The level of prejudice the defendant need demonstrate lies between prejudice that had some conceivable effect and prejudice that more likely than not altered the outcome in the case.  Thus [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  The Court defined reasonable probability as one that undermine[s] confidence in the outcome.

*Lindstadt*, 239 F.3d at 204 (alterations in original).

### (b)     AEDPA Deference

Since the County Court adjudicated on the merits Petitioner's ineffective assistance claim, that state court ruling is entitled to AEDPA deference. *Hines v. Miller*, 318 F.3d 157, 161 (2d Cir. 2003).

**(c)      Contrary to, or Unreasonable Application of,
Relevant Supreme Court Precedent**

Here, Petitioner's basic argument seems to be that his counsel was ineffective because he advised Petitioner to plead guilty: "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Dkt. No.18 at 4.  Nowhere, however, does Petitioner explain how he would have successfully defended the charges against him had he gone to trial.

The available evidence against Petitioner was substantial, if not overwhelming.  In particular, he made multiple oral and written admissions.  Dkt. No. 7, Ex. 3, paragraph (1)(a, c, d, e, f, g.)  In addition, a co-defendant had agreed to plead guilty and to testify against Petitioner. Dkt. No. 7, Ex. 2 at 5.  If convicted after trial, the court was prepared to sentence Petitioner to 25 years to life. Dkt. No. 7, Ex. 2 at 5.  On the other hand, if Petitioner pled guilty to the felony murder charge, the remaining charges would be dismissed, and the sentence imposed would be 15 years to life (the minimum sentence possible) if he testified against a co-defendant, and 20 years to life if he did not so testify. Dkt. No. 7, Ex. 2, at 2-3, 6, 18.

In ruling on Petitioner's Rule 440 motion, the County Court Judge found that counsel's performance constituted "legitimate defense tactics and strategy."  Dkt. No. 7, Ex. 15.  This Court agrees.  At the very minimum, the state court's ruling was neither contrary to, or an unreasonable application of, the above-referenced Supreme Court precedent.  Therefore, this Court recommends that Petitioner's claim of ineffective assistance of counsel be denied.

**ACCORDINGLY,** it is

**RECOMMENDED** that the petition (Dkt. No.1) be **<u>DENIED</u>** and **<u>DISMISSED.</u>**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)(citing *Small v. Sec'y of*

*Health and Human Servs.*, 892 F2d 15 (2d Cir. !989); 28 U.S.C. § 636 (b)(1); FED. R. CIV.R. 72, 6(a)

6(e).

Dated:  July 10, 2006
        Syracuse,  New York



George H. Lowe
United States Magistrate Judge