**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHRON RICHARD YOUNG,**

                **Petitioner,**

              **v.**                    **Civil No. 9:00-CV-1429**
                                          **(GLS/GHL)**
**LEONARD A. PORTUONDO,**

                **Respondent.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PETITIONER:**

SHRON RICHARD YOUNG
Petitioner, *Pro Se*
97-A-6143
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, New York 12458

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO            RISA L. VIGLUCCI
New York Attorney General          Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

After petitioner *pro se* Shron Richard Young filed a *habeas corpus* petition challenging his New York State conviction for second degree murder, *see Dkt. No. 1; see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge George H. Lowe for report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c).  Subsequently, Judge Lowe issued a report recommending that the petition be denied.  *See Report-Recommendation ("R&R"), Dkt. No. 22*.

Broadly construing Young's petition, Judge Lowe concluded that it raised the following issues: (1) whether the denial of a competency exam at the trial level was proper, (2) whether Young should have been permitted to withdraw his guilty plea, and (3) whether his sentence of 20 years to life (as agreed upon in his plea agreement) was incompatible with the interests of justice.  Judge Lowe also noted that Young had raised ineffective assistance of counsel arguments in his "Reply Memorandum" and that he had also mentioned such a claim in his Petition but without elaboration. *See Dkt. No. 22.*

Young has now filed timely objections to Judge Lowe's report.  *See*

2

*Dkt. No. 24.* Young's sole specific objection will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Young's sole specific objection attacks Judge Lowe's conclusion that the state court's denial of a competency exam was not contrary to law. More specifically, Young argues that Judge Lowe did not consider all the evidence establishing his history of mental limitations and inability to understand the proceedings. The court will review this finding *de novo*.

While the record shows that Young has a history of mental and emotional problems, this alone is insufficient to establish "reasonable cause" for a competency hearing. *See U.S. v. Zhou*, 428 F.3d 361, 379 (2d Cir. 2005) (it is within a court's discretion to rely on its direct observation of a defendant to determine that a competency hearing is unnecessary). Here, the court notes that Young only sought to withdraw his plea and request a competency exam after his co-defendant was

3

acquitted by a jury.  Moreover, Young's own statements belie his claim of incompetency.  Specifically, Young stated on the record that he had: (1) conferred with his attorney regarding the ramifications of his plea, (2) entered his plea freely and voluntarily, and (3) understood the terms of his plea bargain.[1]

Lastly, Young's claim that his physical appearance during the proceeding is evidence of his incompetency is unpersuasive.  As Judge Lowe noted and this court concurs, Young's overwhelmed appearance and conduct were consistent with the average layperson's reaction to the stress of participating in a criminal matter.  Having reviewed Young's sole specific objection *de novo*, the court finds that it lacks merit.  Accordingly, Judge Lowe's Report-Recommendation is adopted.

Young has also made an unspecific objection based on Judge Lowe's ineffective assistance of counsel analysis.[2]  Namely, Young

---

[1]In denying Young's motion for a competency exam, the trial court noted "the record provides no support for the contentions that defendant was coerced into pleading guilty or that he was mentally incompetent to enter a guilty plea.  To the contrary, during the extensive plea colloquy, defendant capably responded to the questions put to him, giving no indication of mental impairment or duress[.]..." *People v. Young*, 684 N.Y.S.2d 23, 23-24 (N.Y. App. Div. 1999).

[2]As Judge Lowe noted, Young never raised ineffective assistance of counsel as a ground for relief in his original petition.  Nevertheless, Judge Lowe offered a limited analysis of a potential ineffective assistance of counsel claim because Young raised it in his reply papers. Young also mentioned ineffective assistance of counsel in the supporting facts section of his

contends that his trial counsel failed to give him adequate advice during plea discussions.  He argues that his attorney did not apprise him of the intent element necessary to prove felony murder at trial, and if he had done so, Young would not have pled guilty.  This argument attempts to raise a new ground for relief in his objections.  Because he failed to raise this argument before the Magistrate Judge, Young has procedurally defaulted.  Nevertheless, the court will review Young's underlying ineffective assistance of counsel claim.

Young's objection on this ground is meritless.  As Judge Lowe noted, Young made several admissions of guilt during plea discussions.  Additionally, a co-defendant agreed to testify against him if he continued on to trial.  Given this evidence against him, Young has failed to explain how he would have successfully defended the charges against him had he proceeded with his case.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1994) (stating that defendant must show that the deficient performance prejudiced the defense).  If convicted after trial, he would have faced a maximum 25-year sentence.  Instead, Young chose to take a lesser

---

habeas petition, but he did not elaborate further.  Young cannot at this juncture raise new arguments in support of his claim that were not before the Magistrate or the respondent.

sentence and pled guilty.  He agreed to a sentence of 15 years if he testified against a co-defendant, or 20 years if he chose not to testify.  As Judge Lowe further noted, trial counsel's performance here constituted "legitimate defense tactics and strategy."  *Resp't Br., Ex. 15; Dkt. No. 7; see also R&R, p. 17; Dkt. No. 22.*  Therefore, Young has failed to show how his attorney's performance in plea discussions prejudiced the defense.  Accordingly, finding no clear error, Young's objection on this ground lacks merit.

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Young's objections, this court accepts and adopts the recommendation of Judge Lowe for the reasons stated in the July 10, 2006 Report-Recommendation.

**WHEREFORE**, it is hereby

**ORDERED** that Young's petition (**Dkt. No. 1**) is **DISMISSED** and the relief sought is **DENIED**, and it is further

**ORDERED** that the clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

6

March 30, 2007
Albany, New York

_____
United States District Court Judge